**SO ORDERED: January 28, 2011.**




_____
**Anthony J. Metz III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: DENNIS L. GOLDSBERRY AND LINDA S. GOLDSBERRY | ) ) ) ) | |
| | ) | CASE NO. 10-7632-AJM-7 |
| Debtors | ) | |
| | ) | |
| CALVIN HAIR | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 10-50474 |
| v. | ) | |
| | ) | |
| DENNIS L. GOLDSBERRY AND LINDA S. GOLDSBERRY | ) ) ) ) | |
| | ) | |
| Debtors/Defendants | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND SUMMARY JUDGMENT**

1

Calvin Hair, the Plaintiff ("Hair') filed his Complaint to Determine Dischargeability alleging that a summary judgment he obtained in the Marion County Circuit Court (the "State Court Judgment") against Dennis and Linda Goldsberry (the "Goldsberrys") on February 4, 2010 was a nondischargeable debt under Section 523(a)(6) of the Bankruptcy Code.  Hair moved for summary judgment in this Court on October 6, 2010, alleging that the Goldsberrys were barred from relitigating the elements required for nondischargeability under Section 523(a)(6) under the doctrine of collateral estoppel. Hearing on Hair's motion for summary judgment was held on January 13, 2011 wherein Hair appeared by counsel, Joseph Striewe; Dennis Goldsberry appeared in person. After considering the relevant pleadings and the arguments of the parties, the Court granted Hair's motion for summary judgment.  This entry constitutes the findings and conclusions to the extent required by Fed. R. Bankr. P. 7052.

## *Findings of Fact*

Hair purchased parcel 9018469 in 2004.  The Goldsberrys purchased parcel 9018470 at a tax sale in 2007. That tax sale was subsequently set aside and Hair sued the Goldsberrys and obtained Summary Judgment against them in the State Court in the amount of seven thousand one hundred seven dollars and zero cents ($7107.00) (the "State Court Judgment").   The State Court Judgment was not appealed.  In its State Court Judgment, the State Court found:

>   1. On or about April 20, 2004, Calvin Hair purchased improved parcel 9018469, commonly known as 1032-1034 N. Tibbs Avenue (a duplex), Indianapolis, Indiana ("Improvement").  That Improvement encroached on unimproved parcel 9018470.

2

2. On or about December 14, 2007, Goldsberrys were issued a tax deed to unimproved parcel 9018470, commonly known as 1030 N. Tibbs, Indianapolis, Indiana, a vacant lot (Tax Deed").

3. Goldsberrys were aware of the encroachment of the Improvement on parcel 9018470 and took no action to notify the Marion County Auditor of the encroachment.

4. Hair rented a unit of the Improvement to a tenant.

5. Subsequent to the issue of the Tax Deed, Goldsberrys contacted Hair's tenant, made demands on the tenant for payment of rent, and threatened the tenant with eviction for failure to pay rent to Goldsberrys.

6. After being contacted by Goldsberrys, the tenant ceased making rental payments to Hair.

7. Goldsberrys rekeyed the locks on the vacant unit of the Improvement, thereby denying Hair access, removed Hair's "For Rent" sign in the vacant unit and replaced it with Goldsberrys' own, transferred the account with Citizens Gas for the supply of heating fuel to the vacant portion of the Improvement (1034 N. Tibbs) to Linda Goldsberry, and failed to pay utility bills resulting from the transfer.

8. During the course of this dispute, Hair lost the opportunity to rent the vacant portion of the Improvement due to ongoing litigation of this matter.

9. At no time did Goldsberrys have title to the Improvement, or take any action to quiet title to the Improvement, or take any action required by the Occupying Claimant's Act.

3

10. At no time did Goldsberrys comply with IC 32-30-2-4, which requires a complaint that plaintiff is entitled to possession, asserting the interest claimed and that the defendant unlawfully denies the plaintiff possession.

11. No order was entered in favor of Goldsberrys, pursuant to IC 32-30-2-16, which allowed Goldsberry to enter the property in controversy.

12. At no time did Goldsberrys bring an action to quiet title, pursuant to IC 32-30-2-20.

13. At no time was an order of possession issued by any court awarding Goldsberrys a right of possession to the Improvement, pursuant to IC 32-30-3-5 or otherwise.

14. At no time did Goldsberrys make any payments to Hair for the value of improvements made to parcel 9018469, pursuant to IC 32-30-3.1-4 or otherwise.

15. At no time did Goldsberrys make any payments of offer payments to Hair for the tenant's rent or any portion thereof.

16. On May 14, 2008, the tax sale of parcel 9018470 was set aside by this court.

### Conclusions of Law

1. This Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §523(a)(6). This was a core proceeding to determine the dischargeability of debts which the Plaintiff(s) claims are nondischargeable pursuant to the terms of 11 U.S.C. §523(a)(6).

### Summary Judgment

2. Summary judgment is appropriate "if the pleadings, depositions, answers to

4

interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed.2d 265 (1986).  The moving party bears the burden of showing that no genuine issue of material fact is disputed, but once the moving party has met this burden, the nonmoving party must set forth specific facts demonstrating a disputed material fact for trial and cannot merely rely on denials in its pleadings.  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial", summary judgment will be entered against it.  *Celotex,* 477 U.S. at 322.

### *Requirements For Non-Dischargeability under §523(a)(6)*

3.     A debt is non-dischargeable where it is a debt for a "willful and malicious injury to the property of another person. *B.R. §523 (a)(6)*.  To fall within the §523 (a)(6) exception, the tort of injury to property or person must be intentional. *In re Gulevsky*, 362 F.3d 961, 963-64 (7th Cir. 2004); *In re Massey* 228 B.R. 686, 691 (Bankr. S. D. Ind. 1998).  The Supreme Court of the United States has held that, for a debt to be nondischargeable under Section 523(a)(6), it is not enough to commit an intentional act, the actor must have also intended An injury resulting from the intentional act. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S. Ct. 974 (1998).  To prevail under 11 U.S.C § 523(a)(6), the creditor must demonstrate (1) the debtor's actions caused an injury to the person or property interests of the creditor; (2) the debtor's action causing injury were the result of *willful* conduct by which the debtor intended to effect injury on the person or property interest of the creditor and (3) the debtor's willful acts were undertaken in a

5

*malicious* manner. The creditor seeking nondischargeability must prove these elements by a preponderance of the evidence. *In re Whiters*, 337 B.R. 326, 339 (Bankr. N.D. Ind. 2006).

### *Res Judicata*.

4. The State Court Judgment is entitled to full faith and credit in this proceeding because a federal court, including a federal bankruptcy court, "must give to a state court judgment the same preclusive effect as would have been given that judgment under the law of the state in which the judgment was rendered". *In re McHenry (McHenry v. McHenry)*, 131 B.R. 669, 673, quoting *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892,896, 79 L Ed.2d 56, 63 (1984); *In re Staggs, (Forrester v. Staggs),* 178 B.R. 767, 773 (Bankr. N. D. Ind. 1994).

5. Indiana recognizes both claim preclusion (res judicata) and issue preclusion (collateral estoppel). "Res judicata" forecloses all that which might have been litigated previously, whereas "collateral estoppel" forecloses relitigation only of those facts or issues actually and necessarily decided in a prior suit. *Brown v. Felson*, 442 U.S. 127, 99 S.Ct. 2205, 60 L. Ed. 2d 767 (1979). Given the unique nature of nondischargeability proceedings whereby determination of nondischargeability is exclusively a question of federal bankruptcy law, *Brown* held that res judicata does not apply in dischargeability cases, but collateral estoppel does. *Id*. at 139, n. 10. *Grogan v. Garner*, 498 U.S. 279, 285, n. 11; 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991).

6. In Indiana, a party wishing to use collateral estoppel must make a threshold showing that (1) the issue in the current action is identical to that in the prior action; (2) the issue was actually litigated; (3) the resolution of the issue in the first action was

6

necessary to the judgment and (4) a final judgment determined the issue in the prior action. *Staggs,* 178 B.R. at 774; *In re Busick*, 264 B.R. 518, 522 (Bankr. N. D. Ind. 2001); *In re Luedtke*, 429 B.R. 241, 250 (Bankr. N. D. Ind. 2010).

7.      Under Section 523(a)(6), Hair is required to show the Goldsberrys inflicted willful and malicious injury to his property.  The issue of willful and malicious injury was presented to the State Court as Hair sued the Goldsberrys for slander of title( a claim that requires proof of false statements that were made maliciously) and criminal conversion (a claim that requires proof of knowing and intentional exertion of unauthorized control).   Resolution of these this issue was necessary to the State Court Judgment, these issues were actually litigated and the State Court Judgment is final and has not been appealed.  Thus, the Goldsberrys are collaterally stopped from relitigating these issues.

8.      The next inquiry is whether the State Court's resolution of these issues fulfills what is required to be proven under Section 523(a)(6) so as to render the State Court Judgment nondischargeable here.  The Court  notes that, in addition to willful and malicious injury, Section 523(a)(6) requires an additional showing that the Goldsberrys intended their actions to inflict injury on Hair, which is not required by the slander of title or criminal conversion statutes.  However, the Court concludes that the State Court findings are sufficient to prove all the elements of Section 523(a)(6).

9.      The State Court found that the Goldsberrys were aware of the encroachment of the Improvement but nonetheless contacted Hair's tenant, made demands for rent and threatened eviction.  Further, the State Court found that the Goldsberrys re-keyed the locks on the vacant unit of the Improvement, denied Hair access to the unit on the

7

Improvement, removed the "for rent" sign Hair had placed on the vacant unit and replaced it with their own sign and transferred the Citizens Gas account which covered the vacant unit on the Improvement. Hair, who had made improvements to the Improvement (Parcel 9018469) prior to the Goldsberrys' purchase of parcel 9018470, was not compensated for these improvements, lost the opportunity to rent the vacant portion of the Improvement and was not paid the rents from the tenant that had previously occupied the Improvement.  Finally, the State Court Judgment made a finding that "the Goldsberrys took action consistent with those of a bona fide owner and landlord of the Improvement *when they were aware* of Hair's ownership of the Improvement" (italics added). Finally, the State Court found that: "At no time did Goldsberry hold a valid, subsisting interest in the Improvement or gain through due process any legal right to possession against the superior title or interest of Hair. Rather his statements with regard to title were false, made *maliciously* (emphasis added), and caused Hair pecuniary loss."   The State Court concluded that the Goldsberrys conduct constituted (1) tortuous interference with a business relationship (2) criminal conversion and (3) slander of title.   Based on the State Court's findings, the Court concludes that the Goldsberrys willfully and maliciously injured Hair's property and intended to cause Hair economic injury.  Certainly, the Goldsberrys could have anticipated that informing an existing tenant to stop paying rent to Hair, along with all the other acts taken against the Improvement, would result in economic injury to Hair.

 10.    Based on the foregoing, Hair has shown there is no genuine issue of material fact and that Hair is entitled to judgment as a matter of law under Section 523(a)(6).

### *Judgment*

The Court finds that that Hair is entitled to judgment as a matter of law and that there is no issue of material fact as to the non-dischargeability of the debt out of which this action arises. The Court finds in favor of Hair and against the Goldsberrys. Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT the State Court Judgment is a NONDISCHARGEABLE debt. IT is further ordered that Plaintiff's counsel shall be entitled to payment of attorney fees in an amount to be determined by the Court.[1]

###

Distribution:
Joseph Striewe, Attorney for the Plaintiff
Dennis and Linda Goldsberry, Pro Se Defendants
Case Trustee

---

[1] Hair's counsel filed an affidavit requesting attorney fees of $2975.00 on January 19, 2011. The Court will enter a separate order on fees after the Goldsberrys have an opportunity to object to the amount of fees.